# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| BROADPHONE LLC,<br><br>    Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD.,<br>SAMSUNG ELECTRONICS AMERICA, INC.,<br><br>    Defendants. | Case No.<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT AGAINST SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC.

This is an action for patent infringement arising under the Patent Laws of the United States of America, 35 U.S.C. § 1 *et seq.*, in which Plaintiff Broadphone LLC ("Plaintiff" or "Broadphone") makes the following allegations against Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. ("Defendants" or "Samsung"):

## INTRODUCTION

1. This complaint arises from Samsung's unlawful infringement of the following United States patents owned by Plaintiff, which relate to improvements in haptic feedback devices: United States Patent Nos. 8,170,583 (the "'583 Patent"), 8,594,698 (the "'698 Patent"), and 10,341,811 (the "'811 Patent) (collectively, the "Asserted Patents").

## PARTIES

2. Plaintiff is a limited liability company organized and existing under the laws of the state of Delaware, with an agent for service of process National Registered Agents, Inc., located at 1209 Orange Street, Wilmington DE 19801. Plaintiff is the sole owner by assignment of all right,

title, and interest in the Asserted Patents, including the right to recover damages for past, present, and future infringement.

3. On information and belief, Defendant Samsung Electronics Co., Ltd. ("SEC") is a corporation organized under the laws of South Korea, with its principal place of business at 129, Samsung-Ro, YeongTong-Gu, Suwon-Si, Gyonggi-Do, 443-742, South Korea.

4. On information and belief, Defendant Samsung Electronics America, Inc. ("SEA") is a United States corporation organized under the laws of the State of New York, with its principal place of business at 85 Challenger Road, Ridgefield Park, New Jersey 07660 and with an office located at an office located at 6625 Excellence Way, Plano, Texas 75023. SEA is a wholly-owned subsidiary of SEC. SEA distributes certain Samsung consumer electronics products, including the Accused Products, in the United States.

## JURISDICTION AND VENUE

5. This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6. This Court has personal jurisdiction over Defendants in this action because Defendants have established minimum contacts with the United States as a whole, such that the exercise of jurisdiction would not offend traditional notions of fair play and substantial justice. Defendants have purposefully directed activities at the United States, in particular, directing Accused Products for sale to customers and distributors within the United States (including within this District) and engaging in sales and marketing efforts to generate and support such sales. Defendants have committed and continue to commit acts of infringement in this District by, among other things, importing, offering to sell, and selling products that infringe the Asserted Patents.

Defendants, directly and through subsidiaries, intermediaries, and third parties, have committed and continue to commit acts of infringement in this District by, among other things, making, using, offering to sell, selling, and importing products that infringe the Asserted Patents.

7. Venue is proper in this District under 28 U.S.C. §§ 1391 and 1400(b). Defendant SEC is a foreign corporation. Venue is proper as to a foreign defendant in any district. 28 U.S.C. § 1391(c)(3). Defendant SEA has committed and continues to commit acts of infringement in this District and has regular and established places of business in this District, including as set forth above.

## COUNT I

## INFRINGEMENT OF U.S. PATENT NO. 8,170,583

8. Plaintiff realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

9. Plaintiff owns by assignment all rights, title, and interest, including the right to recover damages for past, present, and future infringement, in U.S. Patent No. 8,170,583, entitled "Signal comparison-based location determining method." The '583 Patent was duly and legally issued by the United States Patent and Trademark Office on May 1, 2012. A true and correct copy of the '583 Patent is attached as Exhibit 1.

10. On information and belief, Samsung makes, uses, offers for sale, sells, and/or imports certain Android devices that include the Samsung Reminder app and/or support tracking, locating, and navigating to the location of Samsung SmartTag devices, Samsung SmartThings devices, or Samsung Android devices (collectively, "Accused Products"), that directly infringe, literally and/or under the doctrine of equivalents, one or more claims of the '583 Patent.

Identification of the Accused Products will be provided in Plaintiff's infringement contentions disclosed pursuant to the Court's scheduling order.

11. The Accused Products satisfy all claim limitations of one or more claims of the '583 Patent. A claim chart comparing exemplary independent claim 1 of the '583 Patent to representative Accused Products is attached as Exhibit 2.

12. By making, using, offering for sale, selling and/or importing into the United States the Accused Products, Samsung has injured Plaintiff and is liable for infringement of the '583 Patent pursuant to 35 U.S.C. § 271.

13. Samsung also knowingly and intentionally induce infringement of one or more claims of the '583 Patent in violation of 35 U.S.C. § 271(b). Through at least the filing and service of this Complaint, Samsung has had knowledge of the '583 Patent and the infringing nature of the Accused Products. Despite this knowledge of the '583 Patent, Defendants continue to actively encourage and instruct their customers and end users (for example, through user manuals and online instruction materials on their website) to use the Accused Products in ways that directly infringe the '583 Patent. Samsung does so knowing and intending that its customers and end users will commit these infringing acts. Samsung also continue to make, use, offer for sale, sell, and/or import the Accused Products, despite their knowledge of the '583 Patent, thereby specifically intending for and inducing their customers to infringe the '583 Patent through the customers' normal and customary use of the Accused Products.

14. As a result of Samsung's infringement of the '583 Patent, Plaintiff is entitled to monetary damages in an amount adequate to compensate for Samsung's infringement, but in no event less than a reasonable royalty for the use made of the invention by Samsung, together with interest and costs as fixed by the Court.

# COUNT II

## INFRINGEMENT OF U.S. PATENT NO. 8,594,698

15. Plaintiff realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

16. Plaintiff owns by assignment all rights, title, and interest, including the right to recover damages for past, present, and future infringement, in U.S. Patent No. 8,594,698, entitled "Signal comparison-based location determining method." The '698 Patent was duly and legally issued by the United States Patent and Trademark Office on November 26, 2013. A true and correct copy of the '698 Patent is attached as Exhibit 3.

17. On information and belief, Samsung makes, uses, offers for sale, sells, and/or imports certain Android devices that include the Samsung Reminder app and/or support tracking, locating, and navigating to the location of Samsung SmartTag devices, Samsung SmartThings devices, or Samsung Android devices (collectively, "Accused Products"), that directly infringe, literally and/or under the doctrine of equivalents, one or more claims of the '698 Patent. Identification of the Accused Products will be provided in Plaintiff's infringement contentions disclosed pursuant to the Court's scheduling order.

18. The Accused Products satisfy all claim limitations of one or more claims of the '698 Patent. A claim chart comparing exemplary independent claim 1 of the '698 Patent to representative Accused Products is attached as Exhibit 4.

19. By making, using, offering for sale, selling and/or importing into the United States the Accused Products, Samsung has injured Plaintiff and is liable for infringement of the '698 Patent pursuant to 35 U.S.C. § 271.

20. Samsung also knowingly and intentionally induce infringement of one or more claims of the '698 Patent in violation of 35 U.S.C. § 271(b). Through at least the filing and service of this Complaint, Samsung has had knowledge of the '698 Patent and the infringing nature of the Accused Products. Despite this knowledge of the '698 Patent, Defendants continue to actively encourage and instruct their customers and end users (for example, through user manuals and online instruction materials on their website) to use the Accused Products in ways that directly infringe the '698 Patent. Samsung does so knowing and intending that its customers and end users will commit these infringing acts. Samsung also continue to make, use, offer for sale, sell, and/or import the Accused Products, despite their knowledge of the '698 Patent, thereby specifically intending for and inducing their customers to infringe the '698 Patent through the customers' normal and customary use of the Accused Products.

21. As a result of Samsung's infringement of the '698 Patent, Plaintiff is entitled to monetary damages in an amount adequate to compensate for Samsung's infringement, but in no event less than a reasonable royalty for the use made of the invention by Samsung, together with interest and costs as fixed by the Court.

## COUNT III

## INFRINGEMENT OF U.S. PATENT NO. 10,341,811

22. Plaintiff realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

23. Plaintiff owns by assignment all rights, title, and interest, including the right to recover damages for past, present, and future infringement, in U.S. Patent No. 10,341,811, entitled "Signal comparison-based location determining method." The '811 Patent was duly and legally

issued by the United States Patent and Trademark Office on July 2, 2019. A true and correct copy of the '811 Patent is attached as Exhibit 5.

24. On information and belief, Samsung makes, uses, offers for sale, sells, and/or imports certain Android devices that include the Samsung Reminder app and/or support tracking, locating, and navigating to the location of Samsung SmartTag devices, Samsung SmartThings devices, or Samsung Android devices (collectively, "Accused Products"), that directly infringe, literally and/or under the doctrine of equivalents, one or more claims of the '811 Patent. Identification of the Accused Products will be provided in Plaintiff's infringement contentions disclosed pursuant to the Court's scheduling order.

25. The Accused Products satisfy all claim limitations of one or more claims of the '811 Patent. A claim chart comparing exemplary independent claim 15 of the '811 Patent to representative Accused Products is attached as Exhibit 6.

26. By making, using, offering for sale, selling and/or importing into the United States the Accused Products, Samsung has injured Plaintiff and is liable for infringement of the '811 Patent pursuant to 35 U.S.C. § 271.

27. Samsung also knowingly and intentionally induce infringement of one or more claims of the '811 Patent in violation of 35 U.S.C. § 271(b). Through at least the filing and service of this Complaint, Samsung has had knowledge of the '811 Patent and the infringing nature of the Accused Products. Despite this knowledge of the '811 Patent, Defendants continue to actively encourage and instruct their customers and end users (for example, through user manuals and online instruction materials on their website) to use the Accused Products in ways that directly infringe the '811 Patent. Samsung does so knowing and intending that its customers and end users will commit these infringing acts. Samsung also continue to make, use, offer for sale, sell, and/or

import the Accused Products, despite their knowledge of the '811 Patent, thereby specifically intending for and inducing their customers to infringe the '811 Patent through the customers' normal and customary use of the Accused Products.

28. As a result of Samsung's infringement of the '811 Patent, Plaintiff is entitled to monetary damages in an amount adequate to compensate for Samsung's infringement, but in no event less than a reasonable royalty for the use made of the invention by Samsung, together with interest and costs as fixed by the Court.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter:

a. A judgment in favor of Plaintiff that Samsung has infringed, either literally and/or under the doctrine of equivalents, the '583, '698, and '811 Patents;

b. A judgment and order requiring Samsung to pay Plaintiff its damages, costs, expenses, and pre-judgment and post-judgment interest for Samsung's infringement of the '583, '698, and '811 Patents;

c. A judgment and order requiring Samsung to pay Plaintiff compulsory ongoing licensing fees, as determined by the Court;

d. A judgment and order requiring Samsung to provide an accounting and to pay supplemental damages to Plaintiff, including without limitation, pre-judgment and post-judgment interest and compensation for infringing products released after the filing of this case that are not colorably different from the Accused Products;

e. A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Plaintiff its reasonable attorneys' fees against Samsung; and

f. Any and all other relief as the Court may deem appropriate and just under the

circumstances.

## **DEMAND FOR JURY TRIAL**

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

Dated: January 3, 2023　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　*/s/ Reza Mirzaie*

　　　　　　　　　　　　　　　　　　　　Reza Mirzaie (CA SBN 246953)
　　　　　　　　　　　　　　　　　　　　rmirzaie@raklaw.com
　　　　　　　　　　　　　　　　　　　　Marc A. Fenster (CA SBN 181067)
　　　　　　　　　　　　　　　　　　　　mfenster@raklaw.com
　　　　　　　　　　　　　　　　　　　　Brian D. Ledahl (CA SBN 186579)
　　　　　　　　　　　　　　　　　　　　bledahl@raklaw.com
　　　　　　　　　　　　　　　　　　　　Shani Williams (CA SBN 274509)
　　　　　　　　　　　　　　　　　　　　swilliams@raklaw.com
　　　　　　　　　　　　　　　　　　　　Christian W. Conkle (CA SBN 306374)
　　　　　　　　　　　　　　　　　　　　cconkle@raklaw.com
　　　　　　　　　　　　　　　　　　　　RUSS AUGUST & KABAT
　　　　　　　　　　　　　　　　　　　　12424 Wilshire Blvd. 12th Floor
　　　　　　　　　　　　　　　　　　　　Los Angeles, CA 90025
　　　　　　　　　　　　　　　　　　　　Phone: (310) 826-7474
　　　　　　　　　　　　　　　　　　　　Facsimile: (310) 826-6991

　　　　　　　　　　　　　　　　　　　　*Attorneys for Plaintiff*
　　　　　　　　　　　　　　　　　　　　*Broadphone LLC*