# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| BROADPHONE LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>SAMSUNG ELECTRONICS CO., LTD. and SAMSUNG ELECTRONICS AMERICA, INC.,<br><br>    Defendants. | CIVIL ACTION NO. 2:23-cv-00001-JRG-RSP<br><br>JURY TRIAL DEMANDED |

## STIPULATION REGARDING CLAIM 23 OF THE '698 PATENT

Plaintiff Broadphone LLC ("Broadphone") and defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. ("Samsung") stipulate and agree as follows:

WHEREAS, on January 3, 2023, Broadphone filed a Complaint in this action for patent infringement against Samsung, asserting three patents, including U.S. Patent 8,594,698 ("the '698 patent");

WHEREAS, on August 10, 2023, Samsung filed an Answer in which Samsung *inter alia* denied that the '698 patent is valid or infringed;

WHEREAS, on October 5, 2023, Broadphone served its Patent Local Rule 3-1 and 3-2 disclosures, asserting infringement of claims 1-7, 11-13, and 15-16 of the '698 patent;

WHEREAS, on November 9, 2023, Samsung filed a Petition for Inter Partes Review of the '698 patent, IPR2024-00154 ("'698 Patent IPR"), asserting that each of the claims of the '698 patent that was identified in Broadphone's Patent Local Rule 3-1 and 3-2 disclosures was invalid;

WHEREAS, on November 9, 2023, Samsung filed a Petition for Inter Partes Review of U.S. Patent 10,341,811, IPR2024-00155 ("'811 Patent IPR"), asserting that each of the claims of the '811 patent that was identified in Broadphone's Patent Local Rule 3-1 and 3-2 disclosures was invalid;

WHEREAS, Broadphone's Patent Local Rule 3-1 and 3-2 disclosures did not identify or assert Claim 23 of the '698 patent, and, as a consequence, Samsung's '698 Patent IPR, Preliminary Invalidity Contentions, and Subject Matter Ineligibility Contentions did not address Claim 23 of the '698 patent;

WHEREAS, Broadphone provided proposed supplemental infringement contentions on January 12, 2024, stating Broadphone's position that the supplemental infringement contentions "do not change the substantive scope of what Broadphone accuses of infringement" and adding independent Claim 23 of the '698 patent for the first time in the litigation, which Samsung disputes and opposed;

WHEREAS, Samsung and Broadphone desire to avoid motion practice regarding the addition of a newly asserted claim in this action and to treat Claim 23 of the '698 patent as though it had in fact been included in the '698 Patent IPR.

Accordingly, Samsung and Broadphone agree and stipulate as follows:

1. By April 26, 2024, Broadphone will file a motion for leave to amend its Patent Local Rule 3-1 and 3-2 disclosures to add Claim 23 of the '698 patent, and shall attach this Stipulation as an Exhibit to the motion.

2. Samsung will not oppose Broadphone's motion with respect to the addition of Claim 23 of the '698 patent.

3. Samsung will not be required to supplement its invalidity and ineligibility contentions and, instead, the parties agree that Samsung's contentions regarding Claim 1 of the '698 patent in its Preliminary Invalidity Contentions pursuant to Patent Local Rules 3-3 and 3-4 and Subject Matter Ineligibility Contentions are deemed to apply fully to Claim 23 of the '698 patent.

4. In the event that Claim 1 of the '698 patent is finally determined to be unpatentable in the '698 Patent IPR (including any appeals) or is otherwise canceled, then (a) Claim 23 of the '698 patent will be unenforceable for purposes of this litigation and all future litigations adverse to Samsung and its subsidiaries and affiliates; (b) Broadphone will seek to dismiss with prejudice Claim 23 of the '698 patent from the litigation by an appropriate procedure, for example by joint motion or stipulation; and (c) if any final judgment of validity or infringement of Claim 23 of the '698 patent has been entered, Broadphone agrees that such final judgment will be stayed and not enforceable as to Claim 23 and that Broadphone will not seek to enforce such final judgment.

5. In the event that final judgment of validity or infringement of Claim 23 of the '698 patent is entered prior to final resolution of the '698 Patent IPR, Broadphone agrees that such final judgment as to Claim 23 will be subject to the same collateral effects of the '698 Patent IPR, including any appeals thereof, as a final judgment as to Claim 1.

6. In the event that Samsung files a petition for *inter partes* review that includes Claim 23 of the '698 patent, presenting the same art and substantially the same argument as the '698 Patent IPR or '811 Patent IPR ("Claim 23 IPR"), Broadphone (a) will, within one week of receiving notice of the filing of the petition for the Claim 23 IPR, either file a patent owner preliminary response presenting substantially the same argument as its patent owner

preliminary response in the '698 Patent IPR and/or '811 Patent IPR and expressly stating that the same arguments are being presented and requesting that the Claim 23 IPR be placed on the same schedule as the '698 Patent IPR if instituted, or file an election to waive its patent owner preliminary response; (b) will not oppose any request to consolidate the Claim 23 IPR with the '698 Patent IPR; (c) will not oppose any request to expedite the Claim 23 IPR so that it is on the same schedule as the '698 Patent IPR; and (d) if necessary, work with Samsung to jointly request consolidation and/or expedite the Claim 23 IPR as contemplated in this stipulation. If the Claim 23 IPR is instituted and a final written decision in the Claim 23 IPR issues at the same time as a final written decision as the '698 Patent IPR, paragraphs 4 and 5 of this Stipulation shall have no effect.

Date: April 19, 2024 

Respectfully submitted,

/s/ *Reza Mirzaie*

Reza Mirzaie
Marc Fenster
Brian Ledahl
Adam Hoffman
Paul Kroeger
Christian W. Conkle
Qi Tong
RUSS AUGUST & KABAT
12424 Wilshire Boulevard, 12th Floor
Los Angeles, CA 90025
Telephone: 310-826-7474

ATTORNEYS FOR PLAINTIFF,
BROADPHONE, LLC

/s/ *David Chun*
Melissa R. Smith
State Bar No. 24001351
**GILLAM & SMITH, LLP**
303 South Washington Avenue

Marshall, Texas 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257
Email: melissa@gillamsmithlaw.com

Steven Pepe
Alexander Middleton
Colin Dunn
Brian Lebow
**ROPES & GRAY LLP**
1211 Avenue of the Americas
New York, NY 10036-8704
Telephone: (212) 596-9000
Facsimile: (212) 596-9090
Steven.Pepe@ropesgray.com
Alexander.Middleton@ropesgray.com
Colin.Dunn@ropesgray.com
Brian.Lebow@ropesgray.com

David S. Chun
**ROPES & GRAY LLP**
1900 University Avenue 6th Floor
East Palo Alto, CA 94303-2284
Telephone: (650) 617-4000
Facsimile: (650) 617-4090
David.Chun@ropesgray.com

*Attorneys for Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that this document is being served through CM/ECF on April 19, 2024.

*/s/ Reza Mirzaie*
Reza Mirzaie
