**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| BROADPHONE LLC, | § § § | |
| *Plaintiff,* | § § § | |
| v. | § § § | Civil Action No. 2:23-CV-00001-JRG-RSP |
| SAMSUNG ELECTRONICS CO., LTD., and SAMSUNG ELECTRONICS AMERICA, INC., | § § § § | |
| *Defendant.* | § § | |

**MEMORANDUM ORDER**

Before the Court is the Motion to Stay Pending *Inter Partes* Review filed by Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. **Dkt. No. 41**; Dkt. No. 45 (reply in support). Plaintiff Broadphone LLC has opposed the Motion through a response and supporting sur-reply brief. Dkt. Nos. 44, 46. For the reasons discussed below, the Motion is **GRANTED**. Considering the instant Order, Samsung's Unopposed Motion for Hearing is **DENIED AS MOOT**. Dkt. No. 53.

## I.    LEGAL STANDARD

"The party seeking a stay bears the burden of showing that such a course is appropriate." *Peloton Interactive, Inc. v. Flywheel Sports, Inc.*, No. 218-cv-390-RWS-RSP, 2019 WL 3826051, at *1 (E.D. Tex. Aug. 14, 2019) (quoting *Realtime Data, LLC v. Hewlett Packard Enter. Co.*, No. 6:16-cv-86-RWS-JDL, 2017 WL 3712916, at *3 (E.D. Tex. Feb. 3, 2017)); *accord Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936). "The decision of whether to extend a stay falls solely within the court's inherent power to control its docket." *Pers. Audio LLC v. Google, Inc.*, 230 F. Supp. 3d 623, 626 (E.D. Tex. 2017) (citing *ThinkOptics, Inc. v. Nintendo*, No. 6:11-cv-455-LED, 2014

1

WL 4477400, at *1 (E.D. Tex. Feb. 27, 2014)); *accord Clinton v. Jones*, 520 U.S. 681, 706 ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket.") (citing *Landis*, 299 U.S. at 254).

District courts typically consider three factors when deciding whether to stay litigation pending IPR of the asserted patent(s): "(1) whether the stay will unduly prejudice the nonmoving party, (2) whether the proceedings before the court have reached an advanced stage, including whether discovery is complete and a trial date has been set, and (3) whether the stay will simplify issues in question in the litigation." *Trover Grp., Inc. v. Dedicated Micros USA*, No. 2:13-CV-1047-WCB, 2015 WL 1069179, at *2 (E.D. Tex. Mar. 11, 2015) (collecting cases).

## II.    ANALYSIS

Samsung requests that the above-captioned case be stayed due to the institution of IPRs "on all asserted claims of all Asserted Patents[1] on all identified grounds." Dkt. No. 41 at 4 (internal reference removed). Broadphone amended its infringement contentions to include Claim 23 of the '698 patent which is not subject to the instituted IPRs. However, Samsung states that the parties stipulated "that the outcome of the now instituted IPR for Claim 1 of the '698 patent would apply in this litigation to newly asserted Claim 23." Dkt. No. 41 at 4 n. 1 (referencing Dkt. No. 36). Broadphone does not contest this representation. *See* Dkt. No. 44. Accordingly, the Court addresses the arguments presented with the understanding that all claims asserted in this action are subject to instituted IPRs. Dkt. No. 41 at 8–9; *see* Dkt. No. 41-15; Dkt. No. 41-16; Dkt. No. 41-17.

---

[1] U.S. Patent Nos. 8,170,583; 8,594,698; and 10,341,811.

### A. Simplification

Samsung asserts that a stay based on institution of IPR as to all asserted claims will simplify the instant case. Dkt. No. 41 at 12. Samsung points to statistics for outcomes of IPRs both in the general sense and when Samsung is the petitioning party. *Id.* at 12–13. Samsung further asserts that even if the patents are found valid, estoppel will result in a simplified case. *Id.* at 13.

Broadphone relies on two recent decisions from this court for the proposition that "[t]his Court has also denied stays despite instituted IPRs on all asserted patents . . . ." Dkt. No. 44 at 6–7 (citing *Netlist, Inc. v. Samsung Electronics Co. Ltd.*, Case No. 2:22-cv-00293-JRG; *General Access Sols., Ltd. v. Cellco P'ship d/b/a Verizon Wireless*, 2:22-cv-00394-JRG). Broadphone also asserts that Samsung's reliance on statistics does not weigh in favor of a stay. Dkt. No. 44 at 7–8. And Broadphone contends that if some of the asserted claims survive IPR "there will be no meaningful simplification of the issues." *Id.* at 8.

The Court finds that the likelihood of simplification weighs in favor of a stay for this case. IPRs have been instituted on all claims for all the asserted patents for multiple grounds. *See Resonant Systems, Inc. v. Samsung Electronics Co., Ltd.*, 2024 WL 1021023, at *3 (E.D. Tex. Mar. 8, 2024); *Commc'n Techs, Inc. v. Samsung Elecs. Am., Inc.*, 2023 WL 1478447, at *5 (E.D. Tex. Feb. 2, 2023). And considering the *Soterra* stipulations in this case, even if some of the IPRs are ultimately denied, the resulting estoppel would simplify the case.

Broadphone's reliance on *Netlist* and *General Access* is inapt because the present factual circumstances are distinguishable from both cases. In *Netlist* and *General Access*, the advanced stage of the case and perceived prejudice to the plaintiff weighed against simplification. *Netlist, Inc. v. Samsung Elecs. Co., Ltd.*, 2:22-cv-00293-JRG, Dkt. No. 689 at 5; *General Access Sols., Ltd. v. Cellco P'ship d/b/a Verizon Wireless*, 2:22-cv-00394-JRG, Dkt. No. 225 at 4–5. However,

the Court did not hold that the only possibility of simplification is through the complete disposition of the case, as Broadphone suggests. *Netlist*, Dkt. No. 689 at 5; *General Access*, Dkt. No. 225 at 4–5. Rather, the Court found that the possibility of simplification was present, but outweighed. Here, the Court finds that the earlier stage of this case is distinguishable from both *Netlist* and *General Access*. Further, the Court does not find that complete disposition of the case is required for simplification to be found.

Samsung's reliance on statistics is not dispositive of simplification. Samsung's use of general statistics is speculative and is not especially persuasive for this factor. Further, Samsung's reliance on statistics specific to their success as a petitioner is equally speculative.

### B.  Stage of the Case

Samsung asserts that the early stage of the case weighs in favor of a stay. Dkt. No. 14–15. Broadphone responds by pointing out that the anticipated final written decision date is May 2025. Dkt. No. 44 at 10. Broadphone also contends that Samsung's delay of "10 months after this case was filed and 7 months after it was formally served" weighs against a stay. *Id.* at 10–11. Samsung replies that "fact depositions, source code review, email discovery" remain in addition to the not yet reached docket control deadlines such as the claim construction hearing, dispositive motion briefing, and the trial. Dkt. No. 45 at 4. Further, Samsung contends that the delay in filing the IPR petitions was "just one month after receiving Broadphone's infringement contentions." *Id.* at 5.

The Court finds that the case has not reached such an advanced stage that it would weigh against a stay. A significant amount of discovery remains, the claim construction hearing has not occurred, and trial is currently set for February 10, 2025. *See Resonant Systems*, 2024 WL 1021023, at *2–3. Further, the Court does not find that Samsung filed the IPR at such a late stage in the case that it would weigh against a stay. *Cf. Commc'n Techs*, 2023 WL 1478447, at *3.

4

### C.  Undue Prejudice

Samsung asserts that staying the case would not result in undue prejudice to Broadphone. Dkt. No. 41 at 15–17. Samsung contends that "Broadphone is a non-practicing entity that seeks only monetary relief in this lawsuit." *Id.* at 16 (citing *Virtual Agility Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1318 (Fed. Cir. 2014)). Further, Samsung attempts to point to several "delays" caused by Broadphone throughout prosecution of this case to support its argument that a stay would not unduly prejudice Broadphone. Dkt. No. 41 at 15–16, 17. Broadphone responds that a stay would delay "resolution of Broadphone's patent infringement claims . . . ." Dkt. No. 44 at 11.

The Court finds that Plaintiff has not demonstrated that undue prejudice will be incurred should a stay be instituted. For clarity, Samsung has not demonstrated that the perceived "delays" caused by Broadphone are the result of "dilatory conduct" such that it "casts doubt on [Plaintiff's] seriousness as to the prosecution of this case." *Cf. Vill. Green Techs., LLC v. Samsung Elecs. Co. Ltd.*, 2023 WL 416419, at *2 (E.D. Tex 2023). Instead, some of the "delays" were the result of unopposed motion practice, undermining Samsung's persuasiveness.

However, delay in vindication of patent rights, while inherently prejudicial to any plaintiff, is not so unduly prejudicial in the instant case to warrant denying a stay. *Resonant Systems*, 2024 WL 1021023, at *4. Further, Broadphone has misinterpreted prior rulings of this court to mean that "seeking monetary damages and not injunctive relief is also inconsequential." Dkt. No. 44 at 12. Rather, Broadphone's authorities are dissimilar due to the competitor relationship of the parties and the imminence of a trial date. In summary, while some prejudice is present in delaying the case, undue prejudice has not been demonstrated.

In conclusion, the Court finds that the factors weigh in favor of a stay. Therefore, Samsung's Motion to Stay Pending *Inter Partes* Review (Dkt. No. 41) is **GRANTED** and the

above-captioned case is **STAYED** pending the outcome of the *inter partes* reviews. It is **ORDERED** that the Parties are to file a status report within fourteen days of the conclusion of all PTAB proceedings.

       **SIGNED this 24th day of July, 2024.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE